# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| PATRICIA BENJAMIN, court appointed guardian of the Estate of RONALD WILLIAMS, a minor,<br><br>Plaintiff,<br><br>v.<br><br>ESSO STANDARD OIL CO., PR MEDICAL INSURANCE AIG LIFE INSURANCE CO. – MCS, and ESSO STANDARD OIL COMPANY (PUERTO RICO),<br><br>Defendants. | 2008-CV-0101 |

TO: Kenth W. Rogers, Esq.
     Charles E. Engemean, Esq.

### ORDER

THIS MATTER came before the Court for consideration upon Defendants' Motion to Set Aside Default (Docket No. 24). Plaintiff filed an opposition to said motion. This order is issued without necessity of reply.

As provided in Fed. R. Civ. P. 55(c), the Court may set aside an entry of default "upon good cause shown." The determination of "good cause" is within the sound discretion of the Court. *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). Moreover, courts are

*Benjamin v. Esso Standard Oil Co.*
2008-CV-0101
Order
Page 2

encouraged to exercise their discretion liberally because resolving cases on their merits is generally preferred. *Drummond v. Crime Prevention Ass'n of Philadelphia*, Civil No. 00-1540, 2000 WL 1507073 at *1 (E.D. Pa. October 10, 2000) (citing *Maxnet Holdings, Inc. v. Maxnet, Inc.*, No. 98-3921, 1999 U.S. Dist. LEXIS 899, at *3-4 (E.D. Pa. Feb. 1, 1999)).

Under the guidelines articulated by the Third Circuit Court of Appeals, the Court must consider certain factors in determining whether "good cause" exists to set aside an entry of default, including: 1.) whether setting aside the default prejudices Plaintiff, 2.) whether Defendant has a meritorious defense, 3.) whether Defendant's conduct is excusable, and 4.) whether alternative sanctions are appropriate. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) (citations omitted).

In the matter at bar, the Court finds that Plaintiff will not be prejudiced by setting aside the default. Plaintiff only filed her complaint less than three (3) months ago, and, according to Defendants, have failed to effect proper service upon any of Defendants.

Despite the fact that Defendants have not filed answers, Defendants have indicated that they may have valid affirmative defenses, including but not limited to statutes of limitation and/or laches defenses. Thus, Defendants have proffered a meritorious defense.

The reason given by Defendants for missing the deadline for filing its answer was the fact that Plaintiff attempted to serve Defendants personally, which are all corporations.

*Benjamin v. Esso Standard Oil Co.*
2008-CV-0101
Order
Page 3

The Court finds that Defendants acted promptly when notified of the entry of default and that Defendants, more than likely, were not personally responsible for said default. *See, e.g., DIRECTV, Inc. v. Adkins*, Civil No. 03-00064, 2003 WL 22299034 at *1 (W.D.Va. October 3, 2003).

Finally, the Court finds that no alternative sanction is appropriate or necessary. Based upon the foregoing, the Court finds that the factors weigh in favor of granting the motion and setting aside the entries of default.

Accordingly, it is now hereby **ORDERED**:

1. Defendants' Motion to Set Aside Default (Docket No. 24) is **GRANTED**.

2. The Entry of Default (Docket No. 10) entered January 14, 2009, against Defendant Esso Standard Oil Company (Puerto Rico) is **VACATED**.

3. The Entry of Default (Docket No. 11) entered January 14, 2009, against Defendants Esso Standard Oil, Co., and P.R. Medical Insurance AIG Life Insurance Co. – MCS is **VACATED**.

4. Defendant Esso Standard Oil Company (Puerto Rico)'s Motion For an Extension of Time (Docket No. 18) is **GRANTED**.

5. Defendant Esso Standard Oil Company (Puerto Rico) shall file its answer to Plaintiff's Complaint on or before **February 27, 2009**.

*Benjamin v. Esso Standard Oil Co.*
2008-CV-0101
Order
Page 4

                                        ENTER:

Dated: February 17, 2009                /s/ George W. Cannon, Jr.
                                              GEORGE W. CANNON, JR.
                                              U.S. MAGISTRATE JUDGE