# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| PATRICIA BENJAMIN, court appointed guardian of the Estate of RONALD WILLIAMS, a minor,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ESSO STANDARD OIL CO., PR MEDICAL INSURANCE AIG LIFE INSURANCE CO.–MCS, and ESSO STANDARD OIL COMPANY (PUERTO RICO),<br><br>　　　　　　　　　　　Defendants. | 2008-CV-0101 |

TO:　Kenth W. Rogers, Esq.
　　　Charles E. Engeman, Esq.
　　　Wilfredo A. Geigel, Esq.

### ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE

THIS MATTER came before the Court upon Defendants' Motion to Transfer Venue (Docket No. 46). Plaintiff filed an opposition to said motion, and Defendants filed a reply thereto.

Defendants seek a transfer of venue pursuant to 28 U.S.C. § 1406(a). However, Section 1406 is reserved only for cases where venue is improper. *See, e.g., Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.

*Benjamin v. Esso Standard Oil Co., P.R. Medical Ins. AIG Life Ins. Co.–MCS*
2008-CV-0101
Order Granting Defendants' Motion to Transfer Venue
Page 2

1995)). Nowhere in their motion do Defendants allege that the Division of St. Croix is an *improper* forum, for example, Defendants do not claim they do not transact business in St. Croix and, thus, are not subject to personal jurisdiction and that dismissal would be an available remedy. *See, e.g., Jumara*, 55 F.3d at 878-79. Consequently, the Court finds that 28 U.S.C. § 1404(a) is the applicable statute and will conduct its analysis under the same.

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Third Circuit in *Jumara* listed factors to consider when deciding whether or not to transfer venue. These factors include six private interest factors interpreting the "convenience" language of § 1404(a) and six public interest factors interpreting the "interests of justice" language. *Costello v. Novartis Pharmaceuticals Corp.*, No. Civ. A. 05-3841, 2006 WL 1479800 at *1 (E.D. Pa. May 25, 2006).

The private interest factors are: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses–but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of books and

*Benjamin v. Esso Standard Oil Co., P.R. Medical Ins. AIG Life Ins. Co.–MCS*
2008-CV-0101
Order Granting Defendants' Motion to Transfer Venue
Page 3

records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara*, 55 F.3d at 879 (citations omitted).

The public interest factors are: (1) "the enforceability of the judgment," (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. *Id*. at 879-80 (citation omitted). The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the aforementioned interests. *Id*. at 883.

Defendants assert that transfer is proper based upon the following facts: 1.) minor child Plaintiff as well as his named guardian and mother reside in St. Thomas; 2.) the matter essentially involves the employment of Fitzroy Williams, the minor's deceased father, whose employment was located in St. Thomas; 3.) all the benefits claimed arise from agreements or activities that occurred in St. Thomas or outside of St. Croix and are related to Fitzroy Williams' work in St. Thomas; 4.) all of Defendants are located in St. Thomas or outside of the Virgin Islands; 5.) all witnesses reside in St. Thomas or outside the Virgin Islands; 6.) all events relating to the claims occurred in St. Thomas or outside the Virgin

*Benjamin v. Esso Standard Oil Co., P.R. Medical Ins. AIG Life Ins. Co.–MCS*
2008-CV-0101
Order Granting Defendants' Motion to Transfer Venue
Page 4

Islands. Plaintiff does not contradict Defendants' allegations. In fact, Plaintiff does not address any of Defendants' assertions, merely declaring said motion "frivolous."

With regard to the private interest factors, only Plaintiff's preference weighs against transfer. All the other factors weigh in favor of transfer or are neutral. However, the Court notes: "Although Plaintiffs' choice of forum is a paramount consideration, that choice is entitled to less deference where the operative facts did not occur within that forum." *Bostic v. AT&T of the Virgin Islands*, Civil No. 1999/0191, 2000 U.S. Dist. LEXIS 22768 at *3 (February 2, 2000) (*citing* 1A Moore's Federal Practice § 0.345[5] (1994); *Waller v. Burlington N.R.R.*, 650 F. Supp. 988 (N.D. Ill. 1987); *Levitt v. Maryland Deposit Ins. Fund*, 643 F. Supp. 1485 (E.D.N.Y. 1986); *Krupp International, Inc. v. Yarn Industries, Inc.*, 615 F. Supp. 1103 (D. Del. 1985)).

Of the public interest factors, the practical considerations regarding ease, speed, or expense of trial is the only factor that weighs in favor of transfer. All other public interest factors are neutral.

The facts of the matter at bar are similar to the facts presented in the matter of *Bostic*, where the Court found that "[t]his matter essentially involves Plaintiff's employment in St. Thomas" and that a "single St. Croix incident is *de minimus* in the overall consideration" and "Plaintiff's ties to St. Croix and the damage witnesses who may reside here are

*Benjamin v. Esso Standard Oil Co., P.R. Medical Ins. AIG Life Ins. Co.–MCS*
2008-CV-0101
Order Granting Defendants' Motion to Transfer Venue
Page 5

substantially less compelling than the inconvenience that AT&T would suffer if this matter proceeded in St. Croix." *Id*. at *3-4. The Court concluded "that AT&T has established that the balance of inconvenience weighs in favor of the requested transfer." *Id*. at *4.

Here, in the above-captioned matter, Defendants have demonstrated that the issues involve claims to benefits of the minor's deceased father as a result of his employment in St. Thomas and that most of the operative witnesses reside in St. Thomas. In fact, no ties to St. Croix have been established. Consequently, on balance, convenience to the parties and witnesses weighs overwhelmingly in favor of transfer to the Division of St. Thomas and St. John.

Additionally, the Court finds that there exists no "genuine articulable controversy" in favor of choosing St. Croix as the division for filing. Therefore, consistent with this Court's Order Regarding Cases Transferred to the Other Division, entered August 6, 2001, the Court shall award Defendants their costs and attorney's fees associated with and related to filing the said motion to transfer.

Accordingly, it is now hereby **ORDERED**:

1.    Defendants' Motion to Transfer Venue (Docket No. 46) is **GRANTED.**

*Benjamin v. Esso Standard Oil Co., P.R. Medical Ins. AIG Life Ins. Co.–MCS*
2008-CV-0101
Order Granting Defendants' Motion to Transfer Venue
Page 6

2. The above-captioned matter is **TRANSFERRED** to the Division of St. Thomas and St. John. The Clerk of Court shall forward a copy of the file to said division.

3. Plaintiff shall pay, upon the Court's approval of such sums, Defendants' costs and attorney's fees associated with and related to the filing of said motion.

4. Defendants shall, within five (5) days from the date of entry of this order, file an affidavit or certification regarding their costs and attorney's fees associated with and related to the filing of said motion.

ENTER:

Dated: April 6, 2009
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE