**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PATRICIA BENJAMIN,** court appointed guardian of the Estate of **RONALD WILLIAMS,** a minor,<br><br>    **Plaintiff,**<br><br>  v.<br><br>**ESSO STANDARD OIL CO., PR MEDICAL INSURANCE AIG LIFE INSURANCE CO.– MCS,** and **ESSO STANDARD OIL COMPANY (PUERTO RICO),**<br><br>    **Defendants.** | 1:08-cv-101 |

**TO:**   Kenth W. Rogers, Esq.
        Charles E. Engemean, Esq.
        Wilfredo A. Geigel, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

THIS MATTER came before the Court upon Plaintiff's Motion to Strike Portions of Defendants' Answer (Docket No. 39). Defendants filed a response in opposition to said motion. The time for filing a reply has expired.

Plaintiff seeks to strike certain affirmative defenses asserted by Defendants in their Answer, claiming that such defenses are "legally insufficient." Motion at 2.

It is well-established that

*Benjamin v. Esso Standard Oil Co., P.R. Medical Ins. AIG Life Ins. Co.–MCS*
1:08-cv-101
Order Denying Plaintiff's Motion to Strike
Page 2

> "[b]ecause of the drastic nature of the remedy . . . motions to strike are usually 'viewed with disfavor' and will generally 'be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" (*Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 609 (D.N.J. 2002); *see also J. & A. Realty v. City of Asbury Park*, 763 F. Supp. 85, 87 (D.N.J. 1991) ("Rule 12(f) motions are disfavored, especially in the absence of prejudice") (citing *Abrams v. Lightolier, Inc.*, 702 F. Supp. 509, 511 (D.N.J. 1988)))

*Amentler v. 69 Main Street, LLC*, Civil Action No. 08-0351 (FLW), 2008 WL 4149125 at *1 (D.N.J. September 2, 2008) (slip copy). The United States Court of Appeals for the Third Circuit has held that "[a] court should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986), *rev'd on other grounds*, 505 U.S. 504, 112 S. Ct. 2608, 120 L. Ed. 2d 407 (1992) (citations omitted).

Having reviewed the affirmative defenses at issue and the factual record before it, the Court finds that none of the affirmative defenses at issue can be said to have "no possible relation" to Plaintiff's claims. The Court further finds that none of the affirmative defenses at issue cause prejudice to any party, nor do any confuse the issues. In addition, the Court finds that none of the challenged affirmative defenses are clearly insufficient nor do they contain any redundant, immaterial, impertinent, or scandalous matter.

*Benjamin v. Esso Standard Oil Co., P.R. Medical Ins. AIG Life Ins. Co.–MCS*
1:08-cv-101
Order Denying Plaintiff's Motion to Strike
Page 3

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion to Strike Portions of Defendants' Answer (Docket No. 39) is **DENIED.**

ENTER:

Dated: June 4, 2009                    /s/ George W. Cannon, Jr.
                                                                   GEORGE W. CANNON, JR.
                                                                   U.S. MAGISTRATE JUDGE